IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERTO DE LA ROSA-REYES [1],

Defendant.

CRIMINAL NO.  10-355 (DRD)

## REPORT AND RECOMMENDATION

Defendant Alberto de la Rosa-Reyes was charged in Counts One thru Five, Seven thru Nine, Twelve thru Fourteen, Sixteen thru Eighteen, Twenty-One thru Twenty-Three, Twenty-Five thru Twenty-Seven and Thirty-One thru Thirty-Three of an Indictment and he agreed to plead guilty to Counts Thirty-One and Thirty-Three of the Indictment and concede and admit to the Forfeiture Allegation.  Count Thirty-One charges that, on or about September 17, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants, did knowingly and intentionally combine, conspire, confederate and agree together with each other and others both known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine; a Schedule II, Controlled Substance.  All in violation of  Title 21, United States Code, Section 846 and 841(a)(1) & (b)(1)(A)(ii)(II).

Count Thirty-Three charges that, on or about September 17, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime as defined in Title 18, United States Code, Section 924(c)(2), that is, a violation of Title 21, United States Code, Sections 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II Controlled Substance, as charged in Counts Thirty-One and Thirty-Two of the Indictment herein, an offense, either of which, may be prosecuted in a court of the United States, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

On May 16, 2011, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts Thirty-One and Thirty-Three of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts Thirty-One and Thirty-Three, he was examined and verified as being correct that: he had consulted with his counsel, Rafael Anglada, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Anglada, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Count Thirty-One is a term of imprisonment of not less than ten (10) years and not more than life, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of at least five (5) years in addition to any term of incarceration.

The statutory penalty for the offense charged in Count Thirty-Three, is a term of imprisonment of not less than five (5) years and no more than life to run consecutive to any other Count, and a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than five (5) years in addition to any term of incarceration.

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" pursuant to Rule 11(c)(1)(A) & (B) FRCP ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

Pursuant to said Agreement, and insofar as Counts Thirty-One and Thirty-Three, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

Pursuant to paragraph Seven of the Agreement, the parties stipulate that the amount of cocaine attributable to above defendant is at least 15 kilograms but less than 50 kilograms of cocaine.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.  As to Count Thirty-One, the Base Offense Level is of Thirty-Four (34) pursuant to U.S.S.G. § 2D1.1 (the amount of cocaine attributable to this defendant is at least 15 kilograms but less than 50 kilograms).  Pursuant to U.S.S.G. § 3E1.1(a), a three (3) level decrease is agreed for acceptance of responsibility.  Therefore, the Total Offense Level is of Thirty-One (31), yielding an imprisonment range of one hundred and eight (108) to one hundred and thirty-five (135) months if the Criminal History Category is I.

The parties recognize and agree that a total of 192 months (132 months for Count Thirty-One and 60 months for Count Thirty-Three to be run consecutive to each other) would be the recommendation of the United States assuming the defendant has a criminal history category of I.  This recommendation was reached with full contemplation of the sentencing factors under Title 18, United States Code, Section 3553 et seq.

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

Pursuant to paragraph Seventeen, the United States and the defendant agree that no further adjustments or departures, including variance, to the defendant's total adjusted base level shall be sought by the parties unless agreed to by both parties.  The parties agree that any request by the defendant for an adjustment or departure not agreed to by both parties will be considered a material breach of this plea agreement.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his  counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.   Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached

to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph fifteen (15) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

The parties orally informed that, at sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

The defendant agrees to the following forfeiture:

(a) Defendant hereby forfeits the below-referenced amount, representing all the proceeds of the criminal offense committed by the defendant in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

Twenty Five Thousand dollars ($25,000.00).

United States of America v. Alberto de la Rosa-Reyes [1]
Criminal No. 10-355 (DRD)
Report and Recommendation
Page 8

(b) Defendant hereby agrees to the entry of an order of forfeiture for the above-referenced amount at the time of sentencing.

(c) As part of the defendant's plea agreement with the United States, defendant agrees not to contest the forfeiture to the government of the above-referenced amount.

(d) In the event that the defendant cannot tender the above-referenced amount at sentencing, the defendant agrees to forfeit substitute assets equal in value to that amount.

(e) Defendant agrees that he will cooperate with the government by taking whatever steps are necessary to fulfill this forfeiture obligation.

(f) The defendant hereby waives the requirements of Fed.R.Crim.P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts Thirty-One and Thirty-Three, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts Thirty-One and Thirty-Three of the Indictment in Criminal No. 10–355 (DRD).

United States of America v. Alberto de la Rosa-Reyes [1]
Criminal No. 10-355 (DRD)
Report and Recommendation
Page 9

    This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts Thirty-One and Thirty-Three of the Indictment in Criminal No. 10-355 (DRD).

    **IT IS SO RECOMMENDED.**

    The sentencing hearing is set for September 2, 2011 at 9:30 a.m., before Honorable Daniel R. Domínguez, District Court Judge.

    San Juan, Puerto Rico, this 16th day of May of 2011.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE